UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SHANNON NICOLE SAMLALSINGH,
   a/k/a SHANNON NICOLE LEE

CASE NO. 8:25cr108 WFJ-NHA

18 U.S.C. § 371
Conspiracy

### INFORMATION

The United States Attorney charges:

MAR 6 2025 PM4:35
FILED - USDC - FLMD - TPA

### COUNT ONE
(Conspiracy to Make False Statements to Firearms Dealer – 18 U.S.C. § 371)

#### A. Introduction

At times material to this Information:

1. SHANNON NICOLE SAMLASINGH, a/k/a SHANNON NICOLE LEE ("SHANNON SAMLALSINGH"), was a citizen of the United States who resided in Hillsborough County, Florida. SHANNON SAMLALSINGH purchased firearms from federal firearm dealers ("FFLs") in the Middle District of Florida and elsewhere on behalf of INDIVIDUAL-2 and co-conspirators. The firearms that SHANNON SAMLALSINGH purchased were concealed by co-conspirators for overseas shipment and at least four firearms that SHANNON SAMLALSINGH purchased were recovered Trinidad and Tobago.

2. INDIVIDUAL-2, was a citizen of Trinidad and Tobago who resided in Trinidad and Tobago and visited the United States. INDIVIDUAL-2 conspired

with SHANNON SAMLALSINGH to purchase firearms in the Middle District of Florida and elsewhere on behalf of co-conspirators for later shipment to Trinidad and Tobago.

3. SHEM WAYNE ALEXANDER, ("ALEXANDER"), was a citizen of Trinidad and Tobago who resided in Trinidad and Tobago and visited the United States. ALEXANDER directed co-conspirators to acquire certain types of firearms in the United States, directed co-conspirators to conceal said firearms for overseas shipment, and was responsible for distributing said firearms received from the United States in Trinidad and Tobago. ALEXANDER also recruited co-conspirators to purchase firearms to be smuggled to Trinidad and Tobago.

4. TEVIN OBRIAN OLIVER, a/k/a "King Himself," a/k/a "Pa" ("OLIVER"), was a citizen of Trinidad and Tobago and a lawful permanent resident of the United States who resided in the United States. OLIVER directed and paid co-conspirators to acquire certain types of firearms in the United States, purchased firearms and firearm components himself, and smuggled said firearms to Trinidad and Tobago. OLIVER was indicted in *United States v. Tevin Obrian Oliver, et al.,* Case No.: 8:23-cr-343-SDM-AEP.

5. JAMEAL KAIA PHILLIP, a/k/a "Kai," a/k/a "Kaya," a/k/a "Kya" ("PHILLIP"), was a citizen of Trinidad and Tobago who resided in both Trinidad and Tobago and the United States. PHILLIP obtained firearms in the United States and concealed said firearms to be smuggled to Trinidad and Tobago where they would be

2

later distributed by ALEXANDER and OLIVER. PHILLIP was indicted in *United States v. Tevin Obrian Oliver, et al.,* Case No.: 8:23-cr-343-SDM-AEP.

6. EDWARD SOLOMAN KING III, a/k/a "Ed" ("KING"), was a citizen of the United States who resided in the Middle District of Florida. KING was recruited by ALEXANDER for the purpose of obtained firearms in the United States to be smuggled to Trinidad and Tobago where they would be later distributed by ALEXANDER and OLIVER. KING was indicted in *United States v. Tevin Obrian Oliver, et al.,* Case No.: 8:23-cr-343-SDM-AEP.

7. 18 U.S.C. § 922(a)(6) prohibits a person from knowingly making a false statement to a licensed firearms dealer when buying a firearm. It is a felony to conspire to commit a violation of 18 U.S.C. § 922(a)(6).

### B.   The Conspiracy

8. Beginning on an unknown date, but at least as early as in or around April 2019, and continuing until at least in or around April 2022, in the Middle District of Florida and elsewhere, the defendants,

SHANNON NICOLE SAMLALSINGH,

did knowingly and willfully conspire with other persons, both known and unknown to the Grand Jury, to commit offenses against the United States, that is, to make a false statement to a licensed firearm dealer, specifically, that SHANNON SAMLALSINGH was the actual transferee or buyer for firearms including a SAR

3

Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451, a Ruger Security-9 9mm pistol bearing serial number 384-03519, a Taurus G3 9mm pistol bearing serial number ABN369536, and a Taurus G2C 9mm pistol bearing serial number ABL113463, contrary to 18 U.S.C. § 922(a)(6).

C. **Manner and Means**

9. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

a. It was part of the conspiracy that conspirators would and did acquire firearms and related equipment, including magazines, ammunition, and firearms parts, from sellers and other individuals in the United States.

b. It was further part of the conspiracy that conspirators would and did arrange for firearms and related equipment to be acquired in, and transported through, the Middle District of Florida.

c. It was further part of the conspiracy that conspirators would and did ask third parties to assist with acquiring and transporting firearms.

d. It was further part of the conspiracy that conspirators would and did falsely represent to firearms sellers the identities of the actual purchasers and recipients of the firearms, as well as their ultimate destination.

e. It was further part of the conspiracy that conspirators would and did transmit funds to pay for the firearms and related equipment, as well as to reimburse and pay conspirators, including transactions that occurred in the Middle District of Florida.

4

f.  It was further part of the conspiracy that conspirators would and did exchange phone calls, text messages, audio messages, and other electronic communications to coordinate the acquisition and shipment of the firearms and related equipment.

g.  It was further part of the conspiracy that conspirators would and did conceal the firearms and related equipment within boxing/fight equipment, speakers, and other household items, so as to avoid detection by law enforcement and customs authorities.

h.  It was further part of the conspiracy that conspirators would and did unlawfully ship the concealed firearms and related equipment from the United States to Trinidad and Tobago by commercial shipping services, including common and contract carriers.

i.  It was further part of the conspiracy that conspirators would and did falsely represent to shippers the contents of packages being exported from the United States.

j.  It was further part of the conspiracy that conspirators would and did deliver and cause to be delivered to common and contract carriers for transportation or shipment in foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, packages or other containers in which there was a firearm or ammunition without written notice to the carrier that such firearm or ammunition was being transported or shipped.

k.  It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.  Overt Acts

10.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida and elsewhere:

**Purchase of Firearms in May and June 2020 by Shannon Samlalsingh and Transfers of Money to Co-Conspirators**

a.  On or about May 13, 2020, SHANNON SAMLALSINGH transferred approximately $1,000 to OLIVER.

b.  On or about May 22, 2020, SHANNON SAMLALSINGH received approximately $1,000.

c.  On or about May 23, 2020, SHANNON SAMLALSINGH bought two Taurus pistols from a firearms store in Tampa, Florida.

d.  On or about May 26, 2020, OLIVER transferred approximately $1,000 to SHANNON SAMLALSINGH.

e.  On or about May 26, 2020, SHANNON SAMLALSINGH bought a Glock 26 pistol bearing serial number BDGF541 from a firearms store in Tampa, Florida.

    f.    On or about June 4, 2020, INDIVIDUAL-2 sent SHANNON SAMLALSINGH the phone number for Individual-3.

    g.    On or about June 6, 2020, ALEXANDER sent PHILLIP a photograph of a Glock 26 pistol bearing serial number BDGF541, the same Glock 26 pistol that SHANNON SAMLALSINGH purchased on May 26, 2022.

    h.    In or around June 2020, SHANNON SAMLALSINGH transferred two Taurus pistols to Individual-3 in Tampa, Florida.

    i.    In or around June 2020, KING transferred a Glock pistol to Individual-3 in Tampa, Florida.

    j.    In or around June 2020, Individual-3 drove the two Taurus pistols and the Glock pistol that Individual-3 had received to OLIVER's mother's residence in Homestead, Florida.

### Packing, Concealing and Smuggling of Firearms

    k.    In or around June 2020, OLIVER and PHILLIP amassed firearms and firearms components at OLIVER's mother's residence in Homestead, Florida.

    l.    On or about June 30, 2020, INDIVIDUAL-2 transferred approximately $1,509.58 to SHANNON SAMLALSINGH.

    m.    On or about June 30, 2020, SHANNON SAMLALSINGH transferred approximately $1,200 to OLIVER.

n. On or about July 20, 2020, ALEXANDER, in phone messages, discussed with KING arranging a place for PHILLIP to stay to crash and "pack the stuff."

o. On or about July 20, 2020, PHILLIP arranged to stay with Individual-3 in the Tampa area.

p. In or around July 2020, PHILLIP discussed with Individual-3 concealing firearms inside of speakers with foam, which were to be then shipped overseas.

q. On or about July 10, 2020, INDIVIDUAL-2 transferred approximately $503.14 to SHANNON SAMLALSINGH.

r. On or about July 10, 2020, SHANNON SAMLALSINGH transferred approximately $600 to OLIVER.

s. On or about July 26, 2020, PHILLIP sent ALEXANDER a photograph of a message thread containing prices for various Glock pistols. ALEXANDER then forwarded to PHILLIP the contact information for SHANNON SAMLALSINGH.

t. On or about July 27, 2020, PHILLIP and KING exchanged phone messages, in which the two discussed buying a box and obtaining an Airbnb rental to "load."

u. On or about July 28, 2020, KING transferred approximately $4,000 to OLIVER.

v. On or about July 29, 2020, PHILLIP and KING exchanged phone messages, in which KING sent a photograph of a speaker and PHILLIP responded that the space was too small to fit his "stuff."

w. On or about July 31, 2020, PHILLIP and ALEXANDER exchanged phone messages, in which they discussed shipping a speaker to SHANNON SAMLALSINGH.

x. On or about July 31, 2020, PHILLIP and KING exchanged phone messages, in which they discussed KING obtaining a speaker for PHILLIP.

y. On or about August 14, 2020, PHILLIP and ALEXANDER exchanged phone messages, in which they discussed PHILLIP buying two Taurus pistols for ALEXANDER.

### Purchase of Speaker to Smuggle Firearms

z. On or about August 14, 2020, ALEXANDER sent a photograph of a firearm to PHILLIP and directed PHILIP to purchase a specific type of firearm.

aa. On or about August 15, 2020, PHILLIP and ALEXANDER exchanged phone messages, in which they discussed purchasing sets of speakers and the difficulty opening them. PHILLIP and ALEXANDER also discussed shipping a set of speakers to an address associated with PHILLIP in Pembroke Pines, Florida.

bb. On or about August 15, 2020, INDIVIDUAL-2 instructed SHANNON SAMLALSINGH to ship a set of speakers to PHILLIP at the address associated with PHILLIP in Pembroke Pines.

cc. On or about August 18, 2020, OLIVER sent PHILLIP a link to a webpage for an online firearms store listing a parts kit for a rifle, as well as a screenshot of gun parts kit in an online shopping cart.

dd. On or about August 18, 2020, PHILLIP sent ALEXANDER a video depicting him concealing firearms inside of a speaker, as well as photographs of firearms.

ee. On or about August 18, 2020, PHILLIP sent ALEXANDER a video depicting him concealing firearms inside of a speaker, as well as photographs of firearms.

ff. On or about October 31, 2020, SHANNON SAMLALSINGH bought a Taurus G2C 9mm pistol bearing serial number ABL113463 from a firearms store in Tampa, Florida.

gg. On or about December 18, 2020, OLIVER spent approximately $455.96 at a boxing/fight equipment store in Miami, Florida.

hh. On or about December 21, 2020, OLIVER transferred $500 to SHANNON SAMLALSINGH.

ii. On or about December 21, 2020, SHANNON SAMLALSINGH bought a SAR Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451 from a firearms store in Tampa, Florida.

jj. On or about January 15, 2021, SHANNON SAMLALSINGH bought a Taurus G3 9mm pistol bearing serial number ABN369536 and a Ruger

Security-9 9mm pistol bearing serial number 384-03519 from a firearms store in Tampa, Florida.

kk.   On or about January 27, 2021, SHANNON SAMLALSINGH bought approximately nine firearms magazines from a store in Hialeah, Florida. SHANNON SAMLALSINGH arranged to have the magazines shipped to PHILLIP at the address associated with PHILLIP in Pembroke Pines.

ll.   On or about March 30, 2021, OLIVER and PHILLIP ordered approximately $2,400 worth of punching bags from the boxing/fight equipment store in Miami.

### Shipment of Firearms from Miami to Trinidad and Tobago

mm.   On or about April 6, 2021, OLIVER spent approximately $115.56 at an air/sea container company.

nn.   On or about April 7, 2021, OLIVER shipped a package concealing and containing various firearms and related equipment, including a Taurus G2C 9mm pistol bearing serial number ABL113463, a SAR Arms SAR-9 9mm pistol bearing serial number T1102-20BV75451, a Taurus G3 9mm pistol bearing serial number ABN369536, and a Ruger Security-9 9mm pistol bearing serial number 384-03519, from Miami, Florida to Trinidad and Tobago.

All in violation of 18 U.S.C. § 371.

# FORFEITURE

1. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of Counts One through Four, the defendants,

SHANNON NICOLE SAMLALSINGH,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

3. If any of the forfeitable assets described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

SARA C. SWEENEY
Acting United States Attorney

By: _____
for: David W.A. Chee
Assistant United States Attorney

By: _____
for: Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section