UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA      :
                              :
                              :
                              :
v.                            :        Case No.: 8:25-CR-108-WFJ-NHA-1
                              :
                              :
SHANNON SAMLALSINGH           :
_____:

**DEFENDANT SHANNON SAMLALSINGH'S**
**SENTENCING MEMORANDUM**

COMES NOW, the Defendant, SHANNON SAMLALSINGH, by and through her undersigned counsel, and hereby files this her sentencing memorandum and in support states as follows:

**I.      Presentence Investigation Report**

The Defendant has no objections to the factual accuracy of the pre-sentence investigation report.

The Defendant has no objections to the legal accuracy of the pre-sentence investigation report.

**II.     Response to the Government's Legal Objections**

The government lodged two legal objections to the presentence investigation report – the Base Offense Level and the Application of United States Sentencing Guideline Section (hereafter, USSG 2K2.1(b)(6)(C)).

*Base Offense Level*

The government contends that the base offense level should be 14 under USSG Section 2K2.1(a)(6). This subsection provides several alternative base offense levels for a base offense level of 14, including subsection (a)(6)(C), which applies where "the defendant is convicted under 18 U.S.C. Section 922(a)(6) or Section 924(a)(1)(A) and committed the offense with knowledge or reason to believe that it would result in the transfer of a firearm to a prohibited person."

That provision does not apply here for a straightforward textual reason: the Defendant was not convicted under 18 U.S.C. Sections 922(a)(6) or 924(a)(1)(A).

The offense of conviction is 18 U.S.C. Section 371, conspiracy to commit an offense against the United States. Although the object of the conspiracy involved making false statements to a firearms dealer, the defendant did not plead guilty to, and was not convicted of, 18 U.S.C. Section 922(a)(6).

The Sentencing Commission's wording in Section 2K2.1(a)(6)(C) is specific and deliberate. It applies when "the defendant is convicted under Section 922(a)(6)," not when the defendant is convicted of conspiracy to violate Section 922(a)(6) or of an offense involving Section 922(a)(6). When the Commission intends a guideline to apply based on conduct or relevant offense behavior rather than the statute of conviction, it typically says so expressly. Here, by contrast, the guideline uses statute-specific language tied to the offense of conviction.

2

Other provisions of Section 2K2.1(a)(6) likewise do not apply. The Defendant was not a prohibited person and was not convicted under any of the statutes listed in subsection (a)(6)(B).

The text of the November 1, 2025, version of § 2K2.1(a)(6) is identical to the text of the November 1, 2021, version.

*Application of Section 2K2.1(b)(6)(C)*

Under USSG Section 1B1.11, courts ordinarily apply the Guidelines Manual in effect on the date of sentencing. However, subsection (b)(1) of that provision makes clear that when use of the current manual would violate the Ex Post Facto Clause, the court must instead apply the manual in effect on the date the offense was committed.

The offense conduct in this case concluded in April 2022. Accordingly, either the November 1, 2025 version or the November 1, 2021 version of the Sentencing Guidelines Manual could potentially apply. The later manual, however, may not be used if it produces a higher advisory guideline range than the manual in effect at the time the offense was committed.

The government seeks a five-level increase under U.S.S.G. §2K2.1(b)(6)(C), a provision contained in the current Sentencing Guidelines Manual that became effective on November 1, 2025. The November 1, 2021 edition of the Guidelines Manual did not include a five-level enhancement comparable to the one the

3

government now seeks. Applying that enhancement to an offense that concluded in April 2022 would therefore increase the defendant's advisory guideline range based on a guideline amendment adopted after the offense conduct occurred. Such an application would violate the Ex Post Facto Clause. For that reason, the November 1, 2021 Guidelines Manual must be applied.

The government correctly notes that the November 1, 2021 edition includes a four-level enhancement if a defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States." USSG Section 2K2.1(b)(6)(A)(2021). United States Probation applied that enhancement in the Presentence Investigation Report. The Defendant did not object to that enhancement and does not object to it now.

The Defendant does object, however, to the government's attempt to apply the November 1, 2025 version of the Guidelines Manual and the five-level enhancement contained in Section 2K2.1(b)(6)(C) of that manual. Because that enhancement did not exist in the November 1, 2021 Guidelines Manual, applying it here would violate the Ex Post Facto Clause and is therefore improper.

<em>Note</em>

The Defendant submits that the only modification required to the Presentence Investigation Report is Paragraph 32. That paragraph should be revised to reflect that the 2021 Guidelines Manual, rather than the 2024 Guidelines

4

Manual, was used, which the Defendant believes accurately reflects United States Probation's original intent.

## <u>CONCLUSION</u>

WHEREFORE, the Defendant, SHANNON SAMLALSINGH, by and through her undersigned counsel prays this Honorable Court will grant the requested relief and/or any other relief deemed necessary.

Respectfully submitted,

<u>By: /s/ Mark J. O'Brien</u>
Mark J. O'Brien, Esquire
Florida Bar No.: 0160210
511 West Bay Street
Suite 330
Tampa, Florida 33606
T:    (813) 228-6989
E:    mjo@markjobrien.com

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on March 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire